**Edwin BRAVO–PAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–74473.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 23, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Edgardo Quintanilla, Esq., Attorney at Law, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, San Francisco, CA, Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM **

Edwin Bravo–Paz, a native and citizen of Guatemala, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the IJ's opinion, which the BIA summarily adopted. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999). Reviewing for substantial evidence, *see Lata v. INS,* ·

204 F.3d 1241, 1244 (9th Cir.2000), we deny the petition for review.

The record does not compel a finding that Bravo–Paz has a well-founded fear of future persecution on account of an enumerated ground because Bravo–Paz was never directly threatened and he remained in Guatemala for years after threats were made to his grandmother. *See Lata,* 204 F.3d at 1245 (holding that applicant's fear was undermined by two-year stay in Fiji after incidents of harm). In addition, we agree with the IJ that the harm to his family members was minimal, and they continue to reside in Guatemala without incident. *See Mendez–Efrain v. INS,* 813 F.2d 279, 282 (9th Cir.1987) (holding that applicant's fear was undermined when similarly-situated family members continue to live in the country without incident).

In failing to qualify for asylum, Bravo–Paz necessarily failed to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Bravo–Paz waived his claim for CAT relief by failing to raise any arguments in his opening brief challenging the IJ's denial of this claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.